UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JASON JORGENSON,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | 4:19-CV-04133-KES<br><br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND ADOPTING THE REPORT AND RECOMMENDATION |

Petitioner, Jason Jorgenson, filed a petition for writ of habeas corpus under 28 U.S.C. § 2255. Docket 1. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2014, standing order.

Respondent moves to dismiss Jorgenson's petition under Federal Rule of Civil Procedure 12(b)(6). Docket 29. The Magistrate Judge recommended the dismissal of all claims except "Mr. Jorgenson's claim that he asked counsel to appeal and counsel failed to pursue an appeal on his behalf." Docket 33 at 39. Respondent objects to the report and recommendation. Docket 36.

I. **Factual Background**

Jorgenson pleaded guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). CR. Docket 33 at 2.[1] At the change of

---

[1] Jorgenson's criminal case, *United States v. Jorgenson*, 4:17-cr-40043-KES, will be cited as CR. Docket.

plea hearing, Jorgenson stated that no one had threatened him or forced him to plead guilty. CR Docket 59 at 4-5. Jorgenson's Pre-Sentence Report calculated his United States Sentencing Guideline (U.S.S.G.) total offense level as a 39 with a criminal history category of VI. CR. Docket 45 at 12, 17. As a result, Jorgenson's advisory guideline range was 360-480 months in custody. *Id.* at 22. On August 2, 2018, Jorgenson was sentenced to 360 months of imprisonment, which was the very bottom of the U.S.S.G. range. CR. Docket 61 at 14, 17. The court advised Jorgenson that he had waived his right to appeal in his plea agreement but if he wanted to appeal, and if the issue was preserved for appeal, then he needed to file a notice of appeal within 14 days from the date of sentencing. *Id.* at 17.

Jorgenson claims that on August 4, 7, 8, 16, and 22, 2018, he called counsel's office "on numerous occasions requesting that counsel file an appeal concerning the use of the dismissed charges, [and] counsel's secretary informed Petitioner that she would inform the counsel of Petitioner's desire to file an appeal." Docket 9 at 12; Docket 12 at 7 (quoted material). "On each occasion the Petitioner was informed by the secretary that counsel was not in the office but that she had relayed the message to counsel about the appeal, and that counsel had informed her that he would file the appeal as requested by the Petitioner." Docket 9 at 12.

The Magistrate Judge filed a report and recommendation that recommended the dismissal of all claims except "Mr. Jorgenson's claim that he asked counsel to appeal and counsel failed to pursue an appeal on his behalf."

Docket 33 at 39. Jorgenson was granted four extensions of time to file objections to the Magistrate Judge's report and recommendation, but he ultimately did not file any objections. Respondent objected to the Magistrate Judge's recommendation of an evidentiary hearing regarding the alleged ineffective assistance of counsel claim regarding appeal. Docket 36.

## II.   Legal Standard

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).[2] In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

### A.   Legal Analysis

The Magistrate Judge recommended that an evidentiary hearing be held on Jorgenson's allegation that counsel failed to file an appeal. Docket 33 at 39. "[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to *section 2255* relief, no inquiry into prejudice or likely success on appeal being

---

[2] Respondent objected to the Magistrate Judge's recommendation that an evidentiary hearing be held on Jorgenson's allegation that his counsel failed to appeal. Docket 36 at 3. Jorgenson did not file an objection. Thus, this court will only address the single issue to which respondent objected.

3

necessary." *Carnnahan v. United States*, 778 Fed. Appx. 404, 405 (8th Cir. 2019) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). "This remains true '[e]ven if the client waived [his] right to appeal as part of a plea agreement.' " *Id.* (first alteration in original) (quoting *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014)).

An evidentiary hearing does not need to be held if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "An inmate is not automatically entitled to a trip back to the district court for an evidentiary hearing simply because he files an affidavit that conflicts on its face with the sworn statements of his attorney." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017). An evidentiary hearing may be denied when the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Thomas v. United States*, 737 F.3d 1202, 1206-07 (8th Cir. 2013) (citation omitted). It is an abuse of discretion if a district court receives conflicting affidavits and announces one is more credible than the other without an evidentiary hearing. *See Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014); *see also Sellner*, 773 F.3d at 930 (holding that a defendant's "written statement is just as credible on its face as [an] attorney's affidavit."); *Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001) (holding that the district court abused its discretion by dismissing the petitioner's § 2255 motions without an evidentiary hearing when the petitioner attested

that he told his attorney to subpoena witnesses and the attorney submitted an affidavit denying that the petitioner made such a request).

Here, Jorgenson filed a written statement alleging that he contacted counsel's office on August 4, 7, 8, 16, and 22, 2018, with reference to his appeal. Docket 9 at 12. "On each occasion the Petitioner was informed by the secretary that counsel was not in the office but that she had relayed the message to counsel about the appeal, and that counsel had informed her that he would file the appeal as requested by the Petitioner." *Id.* In the report and recommendation, the Magistrate Judge recommended that an evidentiary hearing be held, but stated that

> [i]f detention facility records showed counsel visited Mr. Jorgenson on August 20 in person to explain it was too late to appeal, this would cast substantial doubt on Mr. Jorgenson's claim he later telephoned counsel on August 22 to request that counsel file an appeal. Should evidence be presented that the facilit[ies] in which Mr. Jorgenson resided during August 2-16, 2018, show he made no phone calls to counsel's office during those dates and/or that counsel visited Mr. Jorgenson on August 20, the court's conclusion could be different.

Docket 33 at 38.

Respondent asserts that counsel met with Jorgenson on August 20, 2018, and filed counsel's notes regarding the meeting. Docket 36 at 3. Respondent claims that Jorgenson's assertions that he contacted counsel on August 4, 7, 8, 16, and 22, 2018, are contradicted by the record and inherently incredible because "counsel had an appointment at the jail with Jorgenson on August 20 and counsel's notes confirm[ed] the visit[.]" Docket 36 at 4-5. Respondent argues that

> [t]here would be no reason for Jorgenson to have attempted to contact counsel again on August 22 about an appeal when counsel went to explain to him on August 20 that the appeal deadline had lapsed. The allegation that Jorgenson called counsel's office on August 22 is inherently incredible and makes his entire allegation that he called counsel's office on those dates inherently incredible.

Docket 36 at 5. Respondent's argument that there was no reason for Jorgenson to call on August 22, 2018, after his counsel allegedly met with him on August 20, 2018, does not address or contradict Jorgenson's statements that he made the calls on August 4, 7, 8, and 16, 2018. Because Jorgenson was sentenced on August 2, 2018, the time frame from August 2-16, 2018, was critical regarding Jorgeson's appeal.

Jorgenson's allegations are not "contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Thomas*, 737 F.3d at 1206-07. This court cannot rule on the credibility of these statements before conducting an evidentiary hearing. Thus, respondent's motion to dismiss is denied and this court adopts the Magistrate Judge's recommendation to conduct an evidentiary hearing on whether counsel failed to file an appeal after Jorgenson allegedly directed him to do so.

### B. Motion for Appointment of Counsel

Jorgenson moves for the appointment of counsel. Docket 49. An evidentiary hearing carries with it an automatic right to the appointment of counsel. *See* Rule 8(c) of the § 2255 Rules ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."); *see also*

*Roney v. United States,* 205 F.3d 1061, 1062 (8th Cir. 2000) ("district court's failure to appoint counsel to represent § 2255 movant in evidentiary hearing violated Rule 8(c) of the [§ 2255 Rules]"). Jorgenson's motion (Docket 49) is granted.

Thus, it is ORDERED

1. The Magistrate Judge's report and recommendation (Docket 33) is adopted and respondent's objection (Docket 36) is rejected.
2. Respondent's motion to dismiss (Docket 29) is denied.
3. That Jorgenson's motion for the appointment of counsel (Docket 49) is granted. This matter is referred back to Magistrate Judge Duffy for appointment of counsel and to conduct an evidentiary hearing.

Dated April 26, 2021.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE